IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NATALIE RODRIGUEZ CARDONA

Plaintiff

vs

HON. ENRIQUE H. QUESTELL ALVARADO, in his personal and official capacity as Mayor of Santa Isabel; DAMARIS GUTIERREZ SANTIAGO, in her personal and official capacity as Director of Human Resources of the Municipality of Santa Isabel; HON. PEDRO J. RODRIGUEZ ROSADO, in his personal and official capacity as President of the Municipal Assembly, his wife MARY DOE and the conjugal legal partnership constituted between them; MUNICIPALITY OF SANTA ISABEL; DEFENDANTS A and X

Defendants

CIVIL 17-2182CCC

**OPINION AND ORDER**

This is an action under 42 U.S.C. section 1983 brought by plaintiff Natalie Rodríguez Cardona (Rodríguez Cardona) against the Municipality of Santa Isabel (Municipality), three of its officers, the wife of one of said officers and their conjugal partnership. Rodríguez Cardona avers that her freedom of association right under the First Amendment to the U.S. Constitution as well as her equal protection and due process right under the Fourteenth Amendment to the U.S. Constitution were infringed by defendants when she was terminated from her position as Director of the Community Office of the Municipality after failing to work as a poll officer in a voting unit during the

status plebiscite held in the Commonwealth on June 11, 2017. Before the Court now is the Motion to Dismiss filed on January 8, 2018 by two of the defendants, Damaris Gutiérrez Santiago (Gutiérrez) and Pedro J. Rodríguez Rosado (Rodríguez Rosado) (**d.e. 12**), which plaintiff opposed on February 9, 2018 (d.e. 18).

The relevant facts, taken from the Complaint (d.e. 1), follow. Plaintiff Rodríguez Cardona began to work in the Municipality in 2005 after being appointed by the Mayor, defendant Enrique H. Questell Alvarado (Questell), to be its Human Resources Director. In September 2013, she was designated by Questell as Director of the Municipality's Community Office. Plaintiff describes herself as a "supporter of the NPP [New Progressive Party]" (Complaint, ¶ 3) and also as "favor[ing] statehood for Puerto Rico," (Complaint, ¶ 24), who had "previously served as an electoral polling station official representing the NPP on several occasions [and as] NPP Parish president" (Complaint, ¶ 21) and an "active participant in the NPP campaign in Santa Isabel" (Complaint, ¶ 66).

Aside from Questell, also included as defendants are Gutiérrez, who is the Director of Human Resources of the Municipality; Rodríguez Rosado, the President of the Municipal Assembly, Rodríguez Rosado's wife, identified as Mary Doe, and their conjugal legal partnership. All defendants are described as "well-known supporters and members of the NPP," (Complaint, ¶ 16), who "favored statehood for Puerto Rico" (Complaint, ¶ 24).

The 2016 general elections held in the Commonwealth resulted in victories for Ricardo Rosselló (Rosselló) as Governor of Puerto Rico and Questell as Mayor of Santa Isabel. Following his victory, Rosselló called for a plebiscite to be held on June 11, 2017 to determine Puerto Rico's political status. In April 2007, plaintiff informed Mr. Carlos Pérez, a municipal legislator, that she would not work in the plebiscite. On June 5, 2017, plaintiff received several calls from Zulma Velázquez, another member of the Municipal Assembly, insisting that she work in the plebiscite as an NPP polling station officer at unit 7 of Santa Isabel. Plaintiff informed her that she was unable to work as polling station officer since "she had other endeavors said day" (Complaint, ¶ 41). On June 7, 2017, plaintiff received a call from Mayor Questell screaming and yelling at her and questioning why she could not work at a polling station official that day because she was a "confidence" (sic) employee and had to follow orders. Plaintiff reiterated to Questell that she could not work that day, but the Mayor aggressively insisted that she had to and hung up the phone. On June 8, 2017, Rodríguez Rosado called plaintiff to ask her to work in the plebiscite because there was a shortage of people available to work as polling station officers. Plaintiff reiterated to him that she could not work, which prompted Rodríguez Rosado to remind her that she had to work because she had a position of trust and all trust employees were required to work in electoral events. Rodríguez Rosado also conditioned her confirmation as Human Resources Director, a position to which Questell had reappointed plaintiff in 2017, to her working as polling station officer during the

CIVIL 17-2182CCC 4

plebiscite. On June 9, 2017, plaintiff received a text message from Jennifer Fuentes, an assistant to the Mayor, stating that "Piguan had told the Mayor that you [Plaintiff] were going to work, but that they were already able to resolve that." (Complaint, ¶ 49).

The plebiscite took place as scheduled on June 11, 2017. After the plebiscite, the Mayor held a staff meeting where he spoke individually with everyone except for plaintiff. On June 15, 2017, plaintiff was cited to the Human Resources Office where she was given a letter signed by Questell stating that she had to liquidate her vacation until August 9, 2017. Gutiérrez then informed plaintiff that on June 14, 2017 Questell had decided to fire her, and that his decision was final and he would not meet with her. On June 16, 2017, plaintiff personally delivered letters to Questell and Gutiérrez requesting reconsideration of the Mayor's decision. Questell did not budge.

Defendants Gutiérrez and Rodríguez Rosado have moved for dismissal of all the claims filed against them (d.e. 12) essentially alleging that since they did not take the final decision to dismiss the plaintiff, they may not be held liable for her termination. They also aver, in passing, that the complaint fails to state a plausible claim under the First Amendment since it nowhere mentions that plaintiff's political beliefs regarding the plebiscite were different from that of the defendants. Plaintiff opposed the dismissal motion (d.e. 18) claiming that she made specific allegations in her Complaint of the hostile and adverse treatment allegedly received from both Gutiérrez and Rodríguez Rosado. She rebuts movant's assertion of having failed to state a claim for

political discrimination professing that her dismissal was motivated for having expressed her disagreement with the plebiscite.

We start with bedrock law. It is well-established that "non-policymaking public employees are protected from adverse employment decisions based on their political affiliation." Padilla-Garcia v. Guillermo Rodriguez, 212 F.3d 69, 74 (1st Cir. 2000). The Supreme Court has made clear that the constitutional protection extends to the decision not to associate with a political party or faction. Rutan v. Republican Party of Ill., 497 U.S. 62, 76, 110 S.Ct. 2729 (1990). "The freedom not to support a candidate or cause is integral to the freedom of association and freedom of political expression that are protected by the First Amendment." Welch v. Ciampa, 542 F.3d 927, 939 (1st Cir. 2008).

But, as the Court of Appeals has made clear, in order to receive First Amendment protection "the association, or refusal to associate, must be political in nature or implicate some other constitutional concern." Barry v. Moran, 661 F.3d 696, 704 (1st Cir. 2011). This is so for while "the First Amendment invests public employees with certain rights, it does not empower them to 'constitutionalize the employee grievance.'" Garcetti v. Ceballos, 547 U.S. 410, 420, 126 S.Ct. 1951, 164 L.Ed. 2d 689 (2006) (quoting Connick v. Myers, 461 U.S. 138, 154, 103 S.Ct. 1684, 75 L.Ed. 2d 708 (1983)).

Thus, the Court has required that a plaintiff must allege discrimination on the basis of "ideology" or "partisan affiliation." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 57 (1st Cir. 1990). It has also found that there

was no protected activity under the First Amendment where a plaintiff was not motivated by campaign plans, affiliation with a particular candidate, or beliefs animating a disputed election.    LaRou v. Ridlon, 98 F.3d 659, 662 (1st Cir. 1996).

We have painstakingly reviewed the allegations of plaintiff's Complaint, and find that it fails to state that she engaged in conduct protected under the First Amendment.  According to its allegations, plaintiff and all defendants are supporters of the NPP who favor statehood for Puerto Rico.  Although defendant claims that she was terminated from her position as Director of the Community Office solely due to her political beliefs, the specific reason mentioned by her in the Complaint time and again that allegedly prompted her dismissal was her failure to work in the status plebiscite despite being asked to do so by Mayor Questell and others.  Plaintiff, however, never states in her Complaint that her refusal to work was due to a political decision not to support the plebiscite or the cause that it represented, which placed her in an antagonistic position with all the defendants.  She merely alleges that she "could not work" that day (Complaint, ¶¶ 43, 47), and the only reason offered is that "she had other endeavors said day" (Complaint, ¶ 41).  It is not until she filed the opposition to the dismissal motion that she first averred that she "did not support the plebiscite," "was adamantly against it" (Opposition, at p. 7), and "did not believe or agree with it" (Id., at p. 10).  But said factual averments in her opposition brief do not serve to supplement the allegations missing from

CIVIL 17-2182CCC                    7

her Complaint. As pled, the complaint simply fails to state an actionable political discrimination claim under the First Amendment.

We note that, founded on the same facts, plaintiff also invoked the Equal Protection Clause. However, "an equal protection claim alleging political discrimination merely restates a First Amendment political discrimination claim" and should only be considered under the First Amendment. <u>Uphoff Figueroa v. Alejandro</u>, 597 F.3d 423, 430 n. 8 (1st Cir. 2010). Accordingly, plaintiff's claim under the Equal Protection Clause is also DISMISSED since it arises from the same exact factual background as the First Amendment political discrimination claim.

For the reasons stated, plaintiff's political association claim under the First Amendment and her equal protection claim under the Fourteenth Amendment are both hereby DISMISSED as to <u>ALL</u> defendants. Partial judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on August 15, 2018.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge