IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATALIE RODRIGUEZ CARDONA<br>Plaintiff<br>vs<br>HON. ENRIQUE H. QUESTELL ALVARADO, in his personal and official capacity as Mayor of Santa Isabel; DAMARIS GUTIERREZ SANTIAGO, in her personal and official capacity as Director of Human Resources of the Municipality of Santa Isabel; HON. PEDRO J. RODRIGUEZ ROSADO, in his personal and official capacity as President of the Municipal Assembly, his wife MARY DOE and the conjugal legal partnership constituted between them; MUNICIPALITY OF SANTA ISABEL; DEFENDANTS A and X<br>Defendants | CIVIL 17-2182CCC |

**OPINION AND ORDER**

On August 15, 2018, the Court entered an Order to Show Cause addressed to plaintiff Natalie Rodríguez Cardona requiring her to convince us why her Due Process claim under the Fourteenth Amendment should not be dismissed for failure to state a claim upon which relief could be granted (d.e. 28). The Court there noted that, according to the allegations of her Complaint, at the time of her dismissal from the Municipality of Santa Isabel she held the position of Director of the Community Office (Allegations 1 and 4) and had also been appointed by Mayor Enrique H. Questell Alvarado to serve as the Municipality's Director of Human Resources. It was further alleged by plaintiff in her Complaint that both positions were classified as trust positions

CIVIL 17-2182CCC                                    2

(see Allegations 42 and 48), which the Court further noted were considered to be of "free selection and removal" under Puerto Rico Personnel Law. See 3 L.P.R.A. § 1350(8). Given these factual allegations, and in light of established precedent finding that the holder of a trust position does not have a constitutionally protected property interest in that position (e.g. Ruiz-Roche v. Lausell, 848 F.2d 5, 7 (1st Cir. 1988)), plaintiff was asked to justify the vitality of her Due Process claim.

On August 28, 2018, plaintiff complied with our Show Cause Order (**d.e. 30**). She avers that as she was allegedly promised to be appointed Director of Human Resources, there was an "implied contract" which generated in her a "reasonable expectation of continued employment." She fails to address, however, how that "reasonable expectation of continued employment" is affected by the classification of the position she was "promised" (Human Resources Director) as one of trust subject to free selection and removal under Puerto Rico law.

The apodictic fact is that the Constitution only affords due process protections to public employees who possess property interests in continued public employment. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541, 105 S.Ct. 1487 (1985). The Constitution, however, does not itself create property rights. Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 350 (1st Cir. 1992). Rather, the question of whether a public employee possessed a protectable property interest in a particular job is governed by local law and the terms and conditions of the employment arrangement. Ortiz-Pinero v. Rivera-Arroyo, 84 F.3d 7, 17 (1st Cir. 1996).

CIVIL 17-2182CCC                    3

Puerto Rico law establishes two categories of public employees: career and confidential. 3 L.P.R.A. § 1349. Unlike career employees, who are "selected strictly on merit and can be removed only for cause," Jimenez-Fuentes v. Torres-Gaztambide, 807 F.2d 236, 246 (1st Cir. 1986), confidential employees (also called trust employees) are, under Puerto Rico law, of "free selection and removal," 3 L.P.R.A. § 1350(8). Thus, as we had noted in our Show Cause Order, the holder of a trust position does not have a constitutionally protected property interest in that position. Ruiz-Roche v. Lausell, 848 F.2d 5, 7 (1st Cir. 1988).

Since both the position occupied by plaintiff at the time of her dismissal – Director of the Community Office – and that to which she had allegedly been appointed by Mayor Questell – Director of Human Resources – were confidential or trust positions according to her own allegations, it necessarily follows that she had no property interest in any of the two. Accordingly, plaintiff had no due process protection and her Due Process claim under the Fourteenth Amendment to the U.S. Constitution also founders.

There remaining no federal claims upon which to ground plaintiff's supplemental claims pursuant to Puerto Rico law, those claims are also DISMISSED, albeit without prejudice. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on November 5, 2018.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge